UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                                          :

IN RE APPLICATION OF PJSC "URALSIB"     :
BANK" FOR AN ORDER DIRECTING        :       20 Misc. 371 (LGS)
DISCOVERY PURSUANT TO 28 U.S.C. § 1782.:

                                                          :              <u>ORDER</u>
-----------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Applicant has filed an ex parte application for an order pursuant to 28 U.S.C.

§ 1782 to conduct discovery in a foreign proceeding.  Applicant seeks evidence of wire transfers

by six individuals from October 23, 2015, through the present (the "Bank Records"), allegedly

showing the disposition of assets owed Applicant in a Russian insolvency proceeding (the

"Foreign Proceeding").  Applicant seeks the Bank Records from Citibank, N.A.; The Bank of

New York Mellon; Société Générale, New York; HSBC Bank USA, N.A.; BNP Paribas USA;

JPMorgan Chase Bank, N.A.; Barclays Bank PLC; Deutsche Bank Trust Co. Americas; Bank of

Nova Scotia; UBS AG; Bank of America, N.A.; Standard Chartered Bank US; Commerzbank AG

US; Bank of China, New York Branch; Wells Fargo Bank, N.A. and The Clearing House

Payments Company, LLC (collectively, "Respondents").

      WHEREAS, the Order, dated November 16, 2020, directed Respondents to file responsive

papers in opposition, if any, by December 10, 2020.  Applicant timely served all Respondents,

who have not filed responsive papers.

      WHEREAS § 1782 contains three statutory requirements: "(1) the person from whom

discovery is sought resides (or is found) in the district of the district court to which the

application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or

international] tribunal, and (3) the application is made by a foreign or international tribunal or any

interested person." *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020) (alteration

in original).  "Once the statutory requirements are met, a district court may order discovery under § 1782 in its discretion, taking into consideration the 'twin aims' of the statute, namely, 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'"  *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015).  The Supreme Court has identified four additional discretionary factors relevant to this determination:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.

*Mangouras*, 980 F.3d at 97 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)) (internal quotation marks and alterations omitted).  "[I]t is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright."  *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) (citation omitted).

WHEREAS, Applicant has satisfied the three statutory requirements.  First, Respondents are "found" in this District for purposes of § 1782.  Respondents were served in this District and process wire transfers in this District.  Such activity suffices to show that "respondent[s'] having purposefully availed [themselves] of the forum [is] the primary or proximate reason that the evidence sought is available at all," and thus that Respondents are "found" in this District under § 1782.  *In re del Valle Ruiz*, 939 F.3d 520, 530 (2d Cir. 2019); *see also id.* at 528 (holding that the term "found" in § 1782 should be broadly interpreted and that "§ 1782's 'resides or is found'

2

language extends to the limits of personal jurisdiction consistent with due process"); *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310, 332 (S.D.N.Y.), *report and recommendation adopted*, 349 F. Supp. 3d 346 (S.D.N.Y. 2018) (finding banks that processed transactions through New York accounts were "found" in this District for purposes of § 1782).

Second, the discovery sought is "for use" in a foreign proceeding or tribunal. "A § 1782 applicant satisfies the statute's 'for use' requirement by showing that the materials she seeks are to be used at some stage of a foreign proceeding." *Mees*, 793 F.3d at 295; *accord In re WinNet R CJSC*, No. 16 Misc. 484, 2017 WL 1373918, at *7 (S.D.N.Y. Apr. 13, 2017). "[A] Section 1782 applicant must establish that he or she has the practical ability to inject the requested information into a foreign proceeding," *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017), but the discoverability or admissibility of the evidence in the foreign proceeding is not dispositive of this determination, *see In re XPO Logistics, Inc.*, No. 15 Misc. 205, 2017 WL 6343689, at *5 (S.D.N.Y. Dec. 11, 2017) ("The Supreme Court addressed the question of whether foreign discoverability is a condition to obtaining documents under § 1782, and held that it is not." (citing *Intel*, 542 U.S. at 260; *Mees*, 793 F.3d at 303)); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 77 (2d Cir. 2012) ("Section 1782(a) contains no requirement that particular evidence be admissible in a foreign proceeding to be considered 'for use in a proceeding in a foreign or international tribunal.'"); *see also In re Imanagement Servs., Ltd.*, No. 05 Misc. 589, 2005 WL 1959702, at *5 (E.D.N.Y. Aug. 16, 2005) (in permitting discovery of allegedly inadmissible evidence, noting "the Russian court is free to protect any relevant policies by declining to admit any evidence gathered pursuant to means it deems unacceptable"). Applicant is a party in the Foreign Proceeding and seeks to introduce evidence showing that the defendant in that proceeding concealed and disposed of funds to avoid repayment of a debt to Applicant.

3

Applicant provides a declaration from a certified practitioner of Russian insolvency law stating that, in insolvency proceedings like the Foreign Proceeding, creditors like Applicant are "allowed to request information and present evidence to the Court." The Bank Records are for use in the Foreign Proceeding.

Third, Applicant, as a party to the Foreign Proceeding, is an "interested person" under § 1782. "A party to a foreign litigation is an 'interested person' within the ambit of § 1782." *Matter of Degens*, No. 20 Misc. 237, 2020 WL 4252725, at *4 (S.D.N.Y. July 24, 2020) (citing *Intel*, 542 U.S. at 256 ("litigants are included among, and may be the most common of, the 'interested person[s]' who may invoke § 1782"), and *Esses v. Hanania*, 101 F.3d 873, 875 (2d Cir. 1996) (holding that "interested person" under § 1782 includes "a party to . . . foreign or international litigation")). A creditor like Applicant is also an "interested person" if "the role of a creditor under the relevant jurisdiction's law might confer certain procedural rights that allow the creditor to participate and submit evidence in the proceeding." *KPMG*, 798 F.3d at 120; *accord In re Mangouras*, No. 17 Misc. 172, 2017 WL 4990655, at *6 (S.D.N.Y. Oct. 30, 2017), *vacated and remanded on other grounds*, 980 F.3d 88 (2d Cir. 2020). Applicant has the right to participate and submit evidence in the Foreign Proceeding. Applicant is an "interested person" under § 1782.

WHEREAS, because Applicant meets the three statutory factors, the Court determines whether the discretionary *Intel* factors counsel against permitting the requested discovery. They do not. First, no Respondent is a party to the Foreign Proceeding, a fact that, if true, would counsel against permitting discovery. *See Mangouras*, 980 F.3d at 97. Second, there is no indication that a Russian court would be unreceptive to federal-court judicial assistance, as U.S. courts have regularly granted similar discovery requests in Russian proceedings. *See, e.g.*,

4

*Deposit Ins. Agency v. Leontiev*, No. 17 Misc. 414, 2018 WL 3536083, at *4 (S.D.N.Y. July 23, 2018) ("[C]ourts have continued to enforce subpoenas pursuant to § 1782 intended for use in Russian courts.") (collecting cases); *see also Imanagement Servs.*, 2005 WL 1959702, at *5. Third, Applicant's request does not seek to circumvent the rules and procedures of the Russian tribunal. *See Mangouras*, 980 F.3d at 97. Applicant has provided a sworn affidavit from an independent Russian insolvency practitioner stating that Applicant is allowed to use the Bank Records in the Foreign Proceeding. The Second Circuit has cautioned that admissibility in a foreign court is not a prerequisite to a grant of a § 1782 request. *See Mees*, 793 F.3d at 303. And the Russian court may protect any relevant evidentiary policies by declining to admit the Bank Records. *See Imanagement Servs.*, 2005 WL 1959702, at *5. Fourth, the requested discovery is not unduly intrusive or burdensome. *See Mangouras*, 980 F.3d at 97. Applicant seeks wire transfer records for six named individuals dating from 2015 to the present. Such materials are routinely produced by banks in discovery. *See In re Rodriguez Guillen*, No. 20 Misc. 102, 2020 WL 3497002, at *3 (S.D.N.Y. June 29, 2020) (noting that a third-party bank "should be able to search for and produce . . . records of wire transfers without significant burden"); *In re Catalyst Managerial Services, DMCC*, No. 15 Misc. 408, Dkt. No. 23 at 2 (S.D.N.Y. July 27, 2016); *aff'd* 680 F. App'x 37, 39 (2d Cir. 2017) (summary order) (permitting § 1782 application for wire transfer records because such records were "evidence of the type normally produced by financial institutions, persons, or corporate entities as third parties or parties in litigation"). Accordingly, it is hereby

**ORDERED** that Applicant's request for leave to conduct discovery and take testimony from Respondents by serving subpoenas substantially in the form of Dkt. No. 1-2 is **GRANTED**. Any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil

Procedure.  Applicant shall attach a copy of this Order to any subpoena served thereunder.  It is further

       **ORDERED** that within **60 days** of this Order, and every **60 days thereafter**, Applicant shall file a letter apprising the Court of the status of its discovery efforts in accordance with the Individual Rules.

Dated: December 21, 2020
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**